## HUNER *v.* REEVES, *admr. &c.*

All co-parties to a judgment, who are entitled to a writ of error, must be joined as plaintiffs in the writ; and if either of them refuses to join, still, his name may be used by giving him a bond to indemnify him against damages and costs.

### *Error to Lee District Court.*

*Opinion by* KINNEY, J.   A motion is made in this case by the attorney for the defendant in error, to dismiss the the writ of error, for the reason that a bond was not given by Huner to his co-party Bullard, as required by the statute, when co-plaintiffs do not join in the writ.   The statute provides : " That any one of two or more persons entitled to a writ of error, may sue out a writ of error as of course, in the name of the plaintiff in error.   *Provided* such plaintiff in error shall have first filed a bond with the clerk of the district court, where the judgment or decree was rendered in such sum as the clerk shall require, with sufficient sureties to indemnify his co-plaintiff, against all damages and costs, on account of suing out such writ of error."   Laws of 1845, p. 26, § 2.

Huner and Bullard were the defendants below.   Huner alone feels aggrieved by the judgment, and sues out the writ in his own name.   This he could not do, without joining his co-plaintiff, and if he had refused to join, he could still use his name in the writ of error, by giving him a bond to indemnify him against damages and costs in compliance with the statute.

Giving a bond to co-plaintiffs when they do not join in the writ of error, is made by the statute a condition precedent to the suing out of the writ, an imperative requirement which cannot be dispensed with.   The laws prescribing the manner of suing out a writ of error by one party, where there are other parties who do not join in the writ, is inflexible, and unless pursued, or there is evidence of a waiver of the bond, this court will not take ju-

risdiction of the cause, and will on motion, dismiss the writ.

As the writ was sued out in this case by Huner, without having first given the bond and joining Bullard, it must be dismissed. The bond being a condition precedent, we cannot now permit the plaintiff to file one, *nunc pro tunc.*

Motion granted.

*J. C. Hall*, for plaintiff in error.

*L. R. Reeves*, for defendant.